IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DANIEL CORTÉS-MÉNDEZ,<br><br>Plaintiff,<br><br>v.<br><br>EMPRESAS STEWART FUNERARIAS ET AL.,<br><br>Defendants. | CIV. NO.: 20-1061 (SCC) |

**OPINION AND ORDER**

Plaintiff Daniel Cortés-Méndez brought this action against Defendants Empresas Stewart Funerarias d/b/a Funerarias Buxeda and Dignity Memorial, Service Corporation International and Simplicity Plan of Puerto Rico (collectively, "Empresas Stewart") alleging violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and certain Puerto Rico state laws resulting from his termination from employment by Defendants. *See* Docket No. 1. Pending before the Court is Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) and the *Colorado River* abstention doctrine. *See* Docket No. 14. Plaintiff opposed. *See* Docket No. 17. For the reasons stated herein, Defendants' Motion to Dismiss is denied.

Defendants first argue that process was not served within the ninety-day period provided for under Federal Rule of Civil Procedure 4(m). However, since Defendants filed their Motion to Dismiss, the Court granted Plaintiff's earlier motion for extension of time to serve summons. *See* Docket Nos. 7, 16. Summons was properly served during that extended period, *see* Docket No. 13, and Defendants' argument that service of process was untimely is therefore moot. Moreover, Defendants have not argued that they were prejudiced in any way by Plaintiff's delay, and essentially concede their 12(b)(5) arguments in their reply motion. *See* Docket No. 19, pg. 1 n.1. Summons now having been properly executed, the matter should be adjudicated on the merits rather than be dismissed due to a since-rectified procedural error.

Defendants also argue that, because Plaintiff filed a complaint in Puerto Rico state court alleging essentially the same facts as those at issue in the current matter, the Court must dismiss this case under the *Colorado River* abstention doctrine. In *Colorado River*, the Supreme Court articulated a narrow exception to the rule that, in a suit *in persomam*, both a state court and a federal court having concurrent jurisdiction may proceed with the litigation. *Colorado River Conservation Dist. v. United States*, 424 U.S. 800 (1975); *see also Penn Gen. Cas. Co. v. Pennsylvania*, 294 U.S. 189, 195 (1935). In certain extremely limited circumstances, the Court ruled, a district

court may dismiss a federal suit due to the presence of a concurrent state proceeding for reasons of "wise judicial administration." *Colorado River*, 424 U.S. at 818. However, the Court noted the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them," *id.* at 817, and cautioned that "[o]nly the clearest of justifications will warrant a dismissal." *Id.* at 819.

The Court in *Colorado River* listed several balancing factors counseling against the exercise of jurisdiction: "1) whether property is involved in the litigation; 2) the inconvenience of the federal forum; 3) the desirability of stopping piecemeal litigation; and 4) the order in which jurisdiction was obtained by the courts." *Rojas-Hernández v. Puerto Rico Elec. Power Auth.*, 925 F.2d 492, 496 (1991) (citing *Colorado River*, 424 U.S. at 813). The Court later supplemented that list to include four more factors: "5) whether state or federal law controls; 6) the adequacy of the state forum to protect the parties' interests; 7) the vexatious or contrived nature of the federal claim; and 8) respect for the principles underlying removal jurisdiction." *Jiménez v. Rodríguez-Pagán*, 597 F.3d 18, 27-28 (1st Cir. 2010) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16)).

Here, we do not find dismissal of the federal action warranted under this test. First, and most importantly, the pending state court suit was filed under Puerto Rico Law 80, which is not an antidiscrimination statute, while the current

suit is largely brought under ADEA for employment discrimination and makes no mention of Law 80 nor informs the state court ruling under that law or *vice versa*. *Contra Currie v. Grp. Ins. Com'n*, 290 F.3d 1, 10 (1st Cir. 2002) (dismissing under *Colorado River* in part because the federal statutory question before the court was "intertwined with a complex issue of state law, pending before the state courts" that would necessarily be answered in the federal litigation). Thus, the two cases are hardly parallel, and, while "perfect identity of issues is not a prerequisite for dismissal," *see Villas Marina Yacht Sales, Inc. v. Hateras Yachts (Villa Marina II)*, 947 F.2d 529, 533 (1st Cir. 1991), the lack of overlap or connection essentially renders nearly all of the factors inapplicable. Defendants point to no circumstances that counsel otherwise.[1] Their argument essentially boils down to the fact that there are two similar litigations at the state and federal levels, and that the federal case should subsequently be dismissed under *Colorado River*. However, "[i]t has long been established that the presence of parallel litigation in state court will not in and of itself merit abstention in federal court." *Jiménez*, 597 F.3d at 27.

---

[1] The only factor that is objectively present here is the fact that the state court case was filed first. However, while this is true, "the federal action was not filed or pursued as a reaction to an adverse state court action, which would be a factor that weighs heavily in favor of abstention." *Rio Grande Comty. Health Ctr., Inc. v. Rullan*, 397 F.3d 56, 72 (1st Cir. 2005).

The Supreme Court explained in *Colorado River* that abstention is only appropriate "where there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar." 424 US. At 814. This case implicates no such broad policy concerns and, keeping in mind the "heavy presumption favoring the exercise of jurisdiction," *Villa Marina Yacht Sales, Inc. v. Hatteras Yachts*, 915 F.2d 7, 13 (1st Cir. 1990), we decline to surrender federal jurisdiction as Defendants request. Therefore, Defendants' Motion to Dismiss at Docket No. 14 is DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 5th day of May, 2021.

        S/ SILVIA CARREÑO-COLL
        UNITED STATES DISTRICT COURT JUDGE